Ramanujan Nadadur (Cal Bar No. 315718)
(Email: Anuj_Nadadur@nskumarlaw.com)
11620 Wilshire Blvd, Suite 250
Los Angeles, California 90025
Telephone: (310) 479-1383
Facsimile: (310) 479-1393

Attorneys for Petitioner
SHAHIN ABDOLLAHI

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| SHAHIN ABDOLLAHI<br><br>A# 024-910-160<br><br>Petitioner,<br><br>v.<br><br>WARDEN, ADELANTO ICE PROCESSING CENTER; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, TODD BLANCHE, ATTORNEY GENERAL OF THE UNITED STATES<br><br>Respondents. | Case No.<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

## I. INTRODUCTION AND FACTUAL BACKGROUND

1. Shahin Abdollahi ("Mr. Abdollahi"), a native and citizen of Iran, is a long-time resident of Southern California. He first came to the United States in July of 1979, fleeing instability in Iran following the Iranian Revolution. (Ex. A, Letter from Zara Abdollahi.) He was initially a lawful permanent resident of the United States.
2. Following some difficulties in his personal life, Mr. Abdollahi began suffering from depression. (Ex. A, Letter from Zara Abdollahi.) He ultimately received a felony conviction. (Ex. A, Letter from Zara Abdollahi.) Based on this felony conviction, Respondents initiated removal proceedings against Mr. Abdollahi; he lost his lawful permanent resident status; and he was granted withholding of removal from Iran on January 15, 2014. (Ex. B, EOIR Automated Information; Ex. C, Work Authorization (indicating Category A10, i.e., work authorization for those granted withholding of removal).)
3. Following the grant of withholding of removal in 2014, Respondents released Mr. Abdollahi pursuant to an order of supervision. In the twelve years since receiving withholding of removal, Mr. Abdollahi checked in with Respondents based on the schedule provided to him by Respondents. (Ex. C, Work Authorization and Printout of I-220R Schedule.) He also received employment authorization. (Ex. C, Work Authorization and Printout of I-220R Schedule.)
4. Over the past twelve years, Mr. Abdollahi developed a protected liberty interest in the United States. He worked at Gelson's Market as a Bakery Manager, beginning on January 17, 2017 and lasting until his re-detention by Respondents on October 15, 2026. (Ex. D, Letter Regarding Gelson's Employment.) Mr. Abdollahi raised and financially supported his U.S.-citizen daughter, who was born on March 5, 2002. (Ex. E, Birth Certificate of Macy Zara Holdt-Abdollahi.) As his daughter writes, "[Mr. Abdollahi's] support is a huge part of my everyday life, both financially and emotionally. Losing that support would take away the

one person in my life who has consistently made me feel safe, supported, and cared for." (Ex. F, Letter from Macy Zara Holdt-Abdollahi; Ex. G, Letter from Isaac Beckman; Ex. H, Photos of Mr. Abdollahi and Daughter.)

5. Mr. Abdollahi checked in with Respondents on July 16, 2026, and was ordered to return to check in on October 15, 2026. On this latter date, Respondents re-detained Mr. Abdollahi. (Ex. C, Work Authorization and Printout of I-220R Schedule.) Prior to his re-detention, Respondents did not provide him with notice or an opportunity to be heard. Respondents also did not provide him with notice or an opportunity to be heard regarding his removal to any third country.

6. Following his re-detention, Respondents have been holding Mr. Abdollahi at the Adelanto ICE Processing Center.

**Search Results: 1**

**SHAHIN ABDOLLAHI**

**Country of Birth :** Iran
**A-Number:** 024910160
**Status :** In ICE Custody
**State:** CA
**Current Detention Facility:** ADELANTO ICE PROCESSING CENTER
** Click on the Detention Facility name to obtain facility contact information*

7. On October 22, 2026, Deportation Officer J. Suarez informed Mr. Abdollahi's sister that "[Mr. Abdollahi] is final order of removal with holding [sic] an [sic] has been submitted to third country removal pending third country designation by HQ." (Ex. I, Email from DO J. Suarez.) Mr. Abdollahi has not been given any notice or opportunity to be heard regarding third country removal. He has not been provided a forum through which to raise a fear-based claim for protection prior to third-country removal.

8. To vindicate Mr. Abdollahi's constitutional, statutory, and regulatory rights, this Court should grant the instant petition for a writ of habeas corpus and order him released from custody forthwith on the same conditions of supervision as were previously in place. The Court should also enjoin Respondents from removing Mr. Abdollahi to a third country without notice or an opportunity to be heard

regarding his fear of torture or persecution in that third country.

## II. <u>JURISDICTION</u>

9. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 et seq.

10. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

11. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 et. seq., the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. § 1651.

## III. <u>VENUE</u>

12. Venue is proper because Petitioner is detained at the Adelanto ICE Processing Center in Adelanto, CA, which is within the jurisdiction of this District.

13. Venue is proper in this District because Respondents are officers, employees, or agencies of the United States, and Petitioner resides in this District. 28 U.S.C. § 1391(e).

## IV. <u>REQUIREMENTS OF 28 U.S.C. § 2243</u>

14. The Court must grant the petition for writ of habeas corpus "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require Respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

15. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

16. Petitioner is currently detained at the Adelanto ICE Processing Center in Adelanto, CA. He is in the custody, and under the direct control, of Respondents and their agents.

17. Respondent is the Warden of the Adelanto ICE Processing Center, and she/he has immediate physical custody of Petitioner pursuant to the facility's contract with U.S. Immigration and Customs Enforcement to detain noncitizens and is a legal custodian of Petitioner. The Warden is a legal custodian of Petitioner.

18. Respondent Markwayne Mullin is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security ("DHS"). In this capacity, Respondent Mullin is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees U.S. Immigration and Customs Enforcement, the component agency responsible for Petitioner's detention. Respondent Mullin is a legal custodian of Petitioner.

19. Respondent Todd Blanche is sued in his official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, he has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA. Respondent Blanche is a legal custodian of Petitioner.

## V. <u>LEGAL ARGUMENT</u>

### A. Mr. Abdollahi Is Entitled to Immediate Release Because Respondents Re-Detained Him and Deprived Him of His Liberty Interest Without Providing Him Any Process.

20. Mr. Abdollahi was re-detained, following his initial release from Respondents' custody and grant of an order of supervision, without any notice or an opportunity to be heard. This deprived him of his constitutional, statutory, and regulatory due process rights. Due process requires that Mr. Abdollahi be released from custody forthwith. *See, e.g.*, *BASMAN ABDULAHAD, Petitioner,*

*v. MARKWAYNE MULLIN, et al., Respondents*, No. 5:26-CV-00526-MWF-DSR, 2026 WL 3092334, at *7 (C.D. Cal. Oct. 15, 2026) ("[L]aw and justice require Petitioner to be afforded notice and a hearing prior to the deprivation of his liberty interest, and a permanent injunction enjoining Respondents from (again) re-detaining Petitioner absent those safeguards is appropriate."); *Hernandez-Gomez v. Semaia*, No. ED CV 26-1673-FWS(E), 2026 WL 1123471, at *2 (C.D. Cal. Apr. 22, 2026), *report and recommendation adopted*, No. 5:26-CV-01673-FWS-E, 2026 WL 1511078 (C.D. Cal. May 29, 2026) ("In the present case, without prior notice, without evidence of the violation of any of the conditions of supervision, and without any material change in circumstance since the December, 2024 implementation of supervision, ICE abruptly revoked supervision and re-detained Petitioner. ICE thereby violated Petitioner's due process rights.")

21. The Fifth Amendment provides that "[n]o person" shall "be deprived of life, liberty, or property, without due process of law," including in removal proceedings. *See Reno v. Flores*, 507 U.S. 292, 306 (1993). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty th[e Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Thus, "adequate procedural protections" are required to ensure detention "outweighs the 'individual's constitutionally protected interest in avoiding physical restraint.'" *Id.*

22. Following receipt of a final order of removal and withholding of removal from Iran, Mr. Abdollahi was released by Respondents on an order of supervision. After this release in 2014, he developed a strong protected liberty interest in the United States. He raised his U.S.-citizen daughter; worked with authorization to financially support his daughter; and forged connections to family and friends. His re-detention without notice or an opportunity to be heard on October 15, 2026 deprived him of his liberty without adequate constitutional or statutory due

process. The remedy for this due process violation is immediate release. *See GUSTAVO GALAVIZ RUIZ, Petitioner, v. J. JOHNSON, et al., Respondents.*, No. 5:26-CV-05896-RAO, 2026 WL 3151298, at *2 (C.D. Cal. Oct. 21, 2026); *BRAYAN ALEXANDER LOPEZ-RIVAS v. ERNESTO SANTACRUZ, JR., et al.*, No. 5:26-CV-02169-AYP, 2026 WL 1288651, at *9 (C.D. Cal. May 7, 2026); *Emer Rivas Quijada v. Fereti Semaia et al.*, No. 5:26-CV-01540-AB-DSR, 2026 WL 1182196, at *7 (C.D. Cal. Apr. 20, 2026).

23. Aside from the Due Process Clause, Respondents' actions violated the Immigration and Nationality Act and 8 C.F.R. § 241, the regulation governing the revocation of an Order of Supervision. Under Section 241.4, release previously granted may be revoked by the "Executive Associate Commissioner" or "the district director ... when, in the director's opinion, revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner." 8 C.F.R. § 241(l)(2). To revoke release under Section 241.4, the proper official must find that: (i) "[t]he purposes of release have been served"; (ii) the noncitizen has violated a condition of release; (iii) "[i]t is appropriate to enforce a removal order or to commence removal proceedings against" the noncitizen; or (iv) the noncitizen's conduct, "or any other circumstance, indicates that release would no longer be appropriate." *Id.* § 241.4(l)(2).

24. Respondents did not comply with these statutory and regulatory requirements in detaining Mr. Abdollahi because they detained him with no pre-deprivation process at all. Therefore, beyond failing to comply with constitutional dictates, they also failed to comply with their own regulations.

**B. Respondents Cannot Remove Petitioner to a Third Country Absent Adequate Procedural Protections.**

25. Mr. Abdollahi has a final removal order but he has also received withholding of removal from Iran. As a statutory and constitutional matter, Respondents may

not remove Mr. Abdollahi to a third country, besides Iran, without first providing him notice of that country and a formal opportunity to present evidence regarding his fear of persecution or torture in that third country. *See BRAYAN ALEXANDER LOPEZ-RIVAS v. ERNESTO SANTACRUZ, JR., et al.*, No. 5:26-CV-02169-AYP, 2026 WL 1288651, at *9 (C.D. Cal. May 7, 2026); *Emer Rivas Quijada v. Fereti Semaia et al.*, No. 5:26-CV-01540-AB-DSR, 2026 WL 1182196, at *7 (C.D. Cal. Apr. 20, 2026).

26. INA § 241(b)(3)(A) provides that "the Attorney General may not remove [a noncitizen] to a country if the Attorney General decides that the [noncitizen's] life or freedom would be threatened in that country because of the [noncitizen's] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Despite the use of the word "may," this provision establishes a mandatory prohibition, not a discretionary one. *See Camposeco-Montejo v. Ashcroft*, 384 F.3d 814, 819 (9th Cir. 2004).

27. Because these protections are mandatory, the government must provide a meaningful procedural mechanism for noncitizens to assert fear-based claims prior to removal to any third country. The governing regulations reflect this requirement. *See* 8 C.F.R. §§ 208.31(b), 241.8(e); *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 956 (9th Cir. 2012). These provisions use mandatory language, requiring that the noncitizen "shall be immediately referred" for a credible fear screening. 8 C.F.R. § 241.8(e). The purpose of this framework is to ensure that noncitizens are not removed without first receiving an opportunity to establish eligibility for protection from persecution or torture.

28. In *Andriasian v. INS*, 180 F.3d 1033 (9th Cir. 1999), the Ninth Circuit held that, during removal proceedings, due process requires the government to notify noncitizens of the specific countries to which they might be removed, so that they have an opportunity to present evidence about possible threats to their life or freedom in those countries. "'Applying *Andriasian*, numerous district courts in

this circuit have held that ICE's policy for third-country removals—which provides little to no notice of the country to which a noncitizen is to be removed and no meaningful opportunity to raise a fear-based claim—is incompatible with Ninth Circuit law and violates due process." *CRISTOBAL FRANCISCO ARREAZA SANCHEZ, Petitioner, v. JAMES JANECKA, et al., Respondents. Additional Party Names: Dep't of Homeland Sec., Immigr. & Customs Enf't*, No. 5:26-CV-04638-KES, 2026 WL 3122453, at *7 (C.D. Cal. Oct. 19, 2026) (collecting cases). The same law applies with equal force in Mr. Abdollahi's situation.

29. Pursuant to statute, regulation, and the Constitution, Respondents cannot remove Mr. Abdollahi to a third country, absent first providing him with meaningful process, including notice and an opportunity to be heard regarding third country removal. To do otherwise would deprive him of his constitutional and statutory due process rights. *Hernandez-Gomez v. Semaia*, No. ED CV 26-1673-FWS(E), 2026 WL 1123471, at *3 (C.D. Cal. Apr. 22, 2026), *report and recommendation adopted*, No. 5:26-CV-01673-FWS-E, 2026 WL 1511078 (C.D. Cal. May 29, 2026) (enjoining third country removal in the case of an individual re-detained without due process and facing removal to a third country).

30. Courts in this district have ordered that Respondents must provide a petitioner like Mr. Abdollahi, who is facing the prospect of third country removal, with adequate process prior to any such third country removal. For example, Respondents can provide Mr. Abdollahi with the following: "a. . . .a meaningful opportunity and a minimum of 10 days to raise a fear-based claim for protection prior to removal; b. If Petitioner demonstrates a reasonable fear of removal to the third country, Respondents must move to reopen Petitioner's removal proceedings; and c. If Petitioner is not found to have demonstrated a reasonable fear of removal to the third country, Respondents must provide a meaningful opportunity and a minimum of 15 days for Petitioner to seek reopening of

Petitioner's immigration proceedings." *CRISTOBAL FRANCISCO ARREAZA SANCHEZ, Petitioner, v. JAMES JANECKA, et al., Respondents. Additional Party Names: Dep't of Homeland Sec., Immigr. & Customs Enf't*, No. 5:26-CV-04638-KES, 2026 WL 3122453, at *9 (C.D. Cal. Oct. 19, 2026).

**C. Mr. Abdollahi Does Not Need to Exhaust Administrative Remedies Prior to Filing For Habeas Relief.**

31. Exhaustion for habeas claims is prudential, not jurisdictional. *See Liang v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). In any event, exhaustion would be futile in this case as Respondents have not provided Mr. Abdollahi with any process up to this point.

## VI. CLAIMS FOR RELIEF

**COUNT ONE (Re-detention with No Process) – Violation of the Fifth Amendment**

32. The allegations in the above paragraphs are realleged and incorporated herein. The Due Process Clause of the Fifth Amendment forbids the government from depriving any "person" of liberty "without due process of law." U.S. Const. amend. V.

33. Following Petitioner's release from government custody on an order of supervision in 2014, Respondents were constitutionally required to provide Petitioner with notice and an opportunity to be heard prior to re-detaining him. Because they did not do so, Respondents must release him from custody immediately, to stop the ongoing violation of his rights.

**COUNT TWO (Re-detention with No Process) – Violation of the Immigration and Nationality Act**

20. The allegations in the above paragraphs are realleged and incorporated herein.

21. Following Petitioner's release from government custody on an order of supervision in 2014, Respondents were statutorily required to follow the procedure set out in 8 C.F.R. § 241 prior to re-detaining him. Because they did not do so, Respondents must release him from custody immediately, to stop the

ongoing violation of his statutory and regulatory rights.

**COUNT THREE (Third Country Removal with No Process) – Violation of the Fifth Amendment and the Immigration and Nationality Act**

22. The allegations in the above paragraphs are realleged and incorporated herein.

23. To the extent that Petitioner's detention by Respondents is meant to facilitate removal to a third country, such removal violates the Constitution, the Immigration and Nationality Act, and its implementing regulations.

24. Prior to any such third country removal, Petitioner is entitled to notice and an opportunity to be heard regarding his fear of persecution or torture in a third country. The absence of any process prior to Respondents' attempt to remove him to a third country violates his statutory and constitutional rights.

## VII. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully prays this Court grant the following relief:

1) Assume jurisdiction over this matter;
2) Declare that Petitioner's ongoing detention violates the Due Process Clause of the Fifth Amendment and Petitioner's statutory and regulatory due process rights;
3) Declare that Respondents re-detention of Petitioner—which was done to facilitate his removal to a third country other than in Iran—violates the Due Process Clause of the Fifth Amendment and Petitioner's statutory and regulatory due process rights;
4) Issue a Writ of Habeas Corpus and order Respondents to immediately release Petitioner from Respondents' custody under the original conditions of supervision;
5) Enjoin Respondents from removing Petitioner to any third country without notice and an opportunity to be heard regarding his fear of persecution or torture in that third country;

6) Award reasonable costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, or on any other basis justified under law; and

7) Grant such further relief as the Court deems just and proper.

Respectfully submitted,

DATED: October 22, 2026

By /s/ *Ramanujan Nadadur*

Ramanujan Nadadur

Counsel for Petitioner

## Declaration of Ramanujan Nadadur

1. I am counsel of record for Mr. Shahin Abdollahi. I am a member of the state bar of California and am admitted to practice in the District Court for the Central District of California. I provide this declaration to authenticate the attached exhibits.

2. Attached to this Habeas Petition as Exhibit A is a true and correct copy of a letter written by Petitioner's older sister, Zara Abdollahi.

3. Attached to this Habeas Petition as Exhibit B is a true and correct copy of the immigration removal case information for Petitioner that I downloaded from the Executive Office of Immigration Review website. I downloaded this information on October 22, 2026.

4. Attached to this Habeas Petition as Exhibit C is a true and correct copy of Mr. Shahin Abdollahi's Employment Authorization Document as well as a true and correct copy of Mr. Abdollahi's I-220R Supervision Document, which notes his check-in schedule with Respondents.

5. Attached to this Habeas Petition as Exhibit D is a true and correct copy of a letter written by a representative of Petitioner's employer, Gelson's Market.

6. Attached to this Habeas Petition as Exhibit E is a true and correct copy of the birth certificate of Mr. Abdollahi's daughter, Macy Zara Holdt-Abdollahi.

7. Attached to this Habeas Petition as Exhibit F is a true and correct copy of a letter written by Mr. Abdollahi's daughter, Macy Zara Holdt-Abdollahi.

8. Attached to this Habeas Petition as Exhibit G is a true and correct copy of a letter written my Isaac Beckman, who is in a committed romantic relationship with Mr. Abdollahi's daughter.

9. Attached to this Habeas Petition as Exhibit H are true and correct copies of photographs of Mr. Abdollahi and his daughter.

10. Attached to this Habeas Petition as Exhibit I is a true and correct copy of an email from Deportation Officer J. Suarez sent to Mr. Abdollahi's sister, Zara

Abdollahi. Ms. Abdollahi sent an initial email to Deportation Officer J. Suarez to check the status of her brother's detention at the Adelanto ICE Processing Center.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 22, 2026 at Los Angeles, California.

/s/ Ramanujan Nadadur
Ramanujan Nadadur