UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHIN ABDOLLAHI,<br><br>Petitioner,<br><br>v.<br><br>WARDEN ADELANTO ICE PROCESSING CENTER, et al.,<br><br>Respondents. | Case No. 5:26-cv-06256 ADS<br><br>ORDER GRANTING PETITION |

## I. THE PETITION

Petitioner Shahin Abdollahi filed the instant Petition on October 22, 2026. [Dkt. No. 1.] According to the Petition, Petitioner entered the United States in July 1979, fleeing instability in Iran following the Iranian Revolution. [Dkt. No. 1 at 2.] Petitioner was initially a lawful permanent resident of the United States. [Id.] Petitioner later received a felony conviction and was ordered removed by an immigration judge on January 15, 2014. [Dkt. No. 1-1 at 4.] However, Petitioner was granted withholding of

removal and ultimately released with employment authorization. [Dkt. No. 1 at 2; Dkt. No. 1-1 at 8]. Over the past twelve years, Petitioner has had stable employment at Gelson's Market. [Dkt. No. 1-1 at 10.] Petitioner also raised and financially supported his United States citizen daughter. [Dkt. No. 1 at 2.]

On October 15, 2026, Petitioner attended a check-in with immigration officials. [Dkt. No. 1 at 3.] Petitioner alleges he was detained at this check-in without notice or an opportunity to be heard. [Id.] Petitioner remains in immigration detention. [Id.] The government contends that they are attempting to remove Petitioner to a third country. [Dkt. No. 1-1 at 22.]

Petitioner seeks habeas relief. Specifically, Petitioner alleges the following grounds for relief: (1) a procedural due process violation due to the lack of notice or a hearing prior to re-detention; (2) re-detention in violation of the Immigration and Nationality Act ("INA"); and (3) a violation of the Fifth Amendment and INA because of third country removal. [Dkt. No. 1 at 10-11.] Petitioner requests immediate release from immigration custody and an injunction preventing Petitioner's removal to a third country without due process. [Id. at 11.] Petitioner also requests declaratory relief. [Id.]

## II. PROCEDURAL HISTORY

On October 22, 2026, Respondents received notice of General Order 26-05, requiring Respondents to file an answer within 7 days. [Dkt No. 5.] No responsive pleading was filed. To date, Respondents have not appeared or otherwise defended the case.

## III. ANALYSIS

Petitioner alleges a violation of the Due Process Clause of the Fifth Amendment. The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const. amend. V. It is settled law that noncitizens within the United States are entitled to due process "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). As a matter of due process, many, but not all, courts have found that noncitizens released on parole are entitled to a pre-deprivation bond hearing prior to re-detainment. See Nath v. Chestnut, No. 1:26-CV-01800-DC-CKD (HC), 2026 WL 743356, at *1 (E.D. Cal. Mar. 17, 2026) (collecting cases); see also R.A.N.O. v. Wofford, 820 F. Supp. 3d 1094, 1105 (E.D. Cal. 2026) ("The Court concludes that a pre-deprivation hearing is necessary to satisfy due process"); see also E-M- v. Hermosillo, No. 3:25-CV-1083-SI, 2026 WL 883776, at *6 (D. Or. Mar. 31, 2026) (stating there are "overwhelming authorities holding that after a noncitizen has been released on conditional parole, due process requires notice and a pre-deprivation hearing"); but see Kilroy v. Los Angeles Unified Sch. Dist., No. CV 16-09068-DMG-JDE, 2018 WL 7916367, at *10 (C.D. Cal. Dec. 6, 2018), report and recommendation adopted sub nom., 2019 WL 1429615 (C.D. Cal. Mar. 29, 2019), aff'd, 810 F. App'x 558 (9th Cir. 2020) ("The Supreme Court has emphasized that due process is flexible and has rejected the proposition that due process always requires a pre-deprivation hearing" (citation omitted)).

Petitioner claims that his due process rights have been violated because he failed to receive notice or a hearing prior to his re-detention. [Dkt. No. 1 at 5.] Although Petitioner is subject to a final order of removal, he was granted withholding of removal and ultimately released with employment authorization. [Dkt. No. 1 at 2; Dkt. No. 1-1 at

8]. Over the past twelve years, Petitioner has had stable employment at Gelson's Market. [Dkt. No. 1-1 at 10.] Petitioner also raised and financially supported his United States citizen daughter. [Dkt. No. 1 at 2.] Petitioner alleges he was detained at an immigration check-in without notice or an opportunity to be heard. [Dkt. No. 1 at 3.]

Respondents have not appeared to defend this case. Therefore, Respondents have not provided any argument regarding whether Petitioner was entitled to a pre-deprivation notice and a hearing prior to the revocation of his release.[1] Respondents' failure to appear and defend the case is a concession to the Petition and its requested relief. Therefore, the unopposed Petition is granted.[2][3] However, to the extent Petitioner seeks an injunction against future third country removal without notice and a hearing, the Court does not consider it necessary to provide additional relief addressing a hypothetical possibility that Respondents may remove Petitioner to a third country without due process. See Meza-Hernandez v. Marin, No. 5:26-CV-00813-MCS-JDE, 2026 WL 1333740, at *1 (C.D. Cal. May 13, 2026) ("[T]he Court will not grant habeas

---

[1] Further, a growing number of district courts have concluded that "the government's failure to follow its release revocation procedures," especially the failure to provide a noncitizen notice and an interview, "renders the re-detention unlawful" because it violates the noncitizen's due process rights. Delkash v. Noem, No. 5:25-cv-01675-HDV-AGR, 2025 WL 2683988, at *5 (C.D. Cal. Aug. 28, 2025) (collecting cases).

[2] In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." United States v. Sineneng-Smith, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." Id. at 375–76 (citation modified).

[3] Because the Court finds Petitioner is entitled to relief, the Court does not reach the other grounds asserted.

relief that exceeds the scope of the claims in the petition or is based on speculation about what might happen after Petitioner's release.”).

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1. The Petition is granted;

2. Petitioner Shahin Abdollahi (A# 024-910-160) must be immediately released from immigration detention; and

3. Judgment shall be entered accordingly.

DATED: November 2, 2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge